# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **ANTEL CORDELL CLARK,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **Civil Action** |
| | § | **No. 4-23-cv-04050** |
| **City of Pasadena, Office of Attorney** | § | |
| **General, Arbors at Town Square** | § | |
| **Apartments, and Rent Recovery** | § | |
| **Solutions** | § | |
| *Defendants.* | § | |

## DEFENDANT OFFICE OF ATTORNEY GENERAL'S RESPONSE AND OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND FOR DEFAULT JUDGMENT/HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant the Texas Office of Attorney General ("OAG"), files its Response to Plaintiff's Motion for Entry of Default and for Default Judgment/Hearing ("Motion for Default").

The Court should deny Plaintiff's Motion for Entry of Default and Default Judgment against Defendant Texas Office of Attorney General (OAG). ECF 40. There's been no default because OAG was not properly served, and in any event OAG has responded to Plaintiff's complaint with a motion to dismiss. By any measure, Plaintiff's Motion should be denied.[1]

---

[1] Plaintiff's request for a hearing should also be denied as unnecessary. As explained in more detail below, the relevant facts are both clear and undisputed: Rule 4(c)(2) requires service of process by someone "not a party"; Plaintiff admits he personally served OAG, such that service was not proper; OAG was thus under no duty to respond; and therefore it cannot be subject to default. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999) (When a district court lacks jurisdiction over a defendant because of improper service of process, the default judgment is void and must be set aside . . . ."). Plaintiff's Motion presents no issues that would benefit from a hearing; it can be denied on the basis of the parties' papers alone.

**I.     The Facts.**

Plaintiff filed his original complaint (ECF 1) on October 20, 2023 against Defendants the City of Pasadena, the Pasadena Police Department, the Arbors at Town Square Apartments, and Rent Recovery Solutions. Plaintiff's original complaint did not name OAG as a Defendant.

Between January 24 and January 29, 2024, Plaintiff filed Amended and Supplemental Complaints (ECF 29, 30, and 35) (collectively, the "Amended Complaint"), naming OAG as a Defendant for the first time. Plaintiff sent the Amended Complaint to OAG attached with a summons that was not signed or sealed by the Clerk of the Court. Plaintiff mailed the summons and Amended Complaint to the OAG via certified mail. On February 26, 2024, Plaintiff filed a return of service of the Amended Complaint on OAG (the "Return of Service" (ECF 41)). In it, Plaintiff declares under penalty of perjury that he "personally" served OAG with the Amended Complaint on January 25, 2024, by certified mail. *Id*. at 1.

On February 26, 2024, Plaintiff filed his Motion for Default. His sole argument for default is that OAG was "properly served by certified mail on February 1," that OAG's answer was "due on February 23," and that OAG failed to meet this deadline. Motion for Default at 1.

On these facts, Plaintiff's Motion should be denied.

**II.     Plaintiff Is Not Entitled to an Entry of Default or a Default Judgment.**

OAG was not required to respond to Plaintiff's Amended Complaint because it has never been properly served with process. *Espinoza v. Humphries*, 44 F.4th 275,

276 (5th Cir. 2022) ("A defendant cannot default if he had no duty to answer the suit—and he need not answer until service has been perfected." (citation and internal quotation marks omitted)).

Rule4(c)(2) requires that service of process be made by someone who's "not a party." But here, Plaintiff admits in the Return of Service that he "personally" served OAG with the process. And as Plaintiff is clearly a party, he violated that Rule when he served OAG himself. Return of Service at 1. Therefore, OAG was under no duty to respond to Plaintiff's Amended Complaint, such that it cannot be in default. *Nagy v. George*, No. 07-10902, 2008 WL 2660771, at *2, 286 Fed. Appx. 135, 137 (5th Cir. July 8, 2008) (default improper where—as here—plaintiff "served defendants by personally sending them the summons and complaint via certified mail" because "[t]his method did not conform to either the established federal or state methods of service"); *accord Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1349 (5th Cir. 1992) ("Because Carimi did not effect service on RCCL, the district court did not have jurisdiction over RCCL and the default judgment was improper.").

Even if Plaintiff had properly served OAG, default would be unwarranted. Default is improper because OAG has made an appearance. *Boswell v. Hughes Supply, Inc.*, No. Civ. 3:03-CV-2747-H, 2004 WL 2089006, at *1 (N.D. Tex. Sep. 7, 2004) ("Since Defendant Hughes has made an appearance in this action, default judgment is improper." (citing *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir.1996) ("An appearance involves some presentation or submission to the court."))).

For similar reasons, Plaintiff's request for an entry of default by the Clerk is equally unavailing. Not only has Plaintiff failed to support his Motion for Default with the affidavit required by Rule 55(b)(1), but also the Clerk should not enter a default where OAG has made an appearance and sought a dismissal of Plaintiff's claims. Fed. R. Civ. P. 55(a). And because an entry of default necessarily must precede a default judgment, no default judgment can be entered here. *VLM Food Trading Int'l v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) ("[T]here are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment. Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks.").

## III.    Conclusion.

**Wherefore, f**or each of these reasons, Plaintiff's Motion for Default should be denied.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

*/s/* Sherlyn Harper
SHERLYN HARPER
State Bar No. 24093716
Assistant Attorney General

Administrative Law Division
OFFICE OF THE TEXAS ATTORNEY GENERAL
808 Travis Street, #1520
Houston, Texas 77002
Telephone: (713) 225-8913
Facsimile: (512) 320-0167
sherlyn.harper@oag.texas.gov
*Attorneys for OAG*

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2024 a true and correct copy of the foregoing Defendant

Office Of Attorney General's Response And Opposition To Plaintiff's Motion For Entry Of

Default And For Default Judgment/Hearing has been filed using the CM/ECF system, which will

effectuate service on the following self-represented litigant and all counsel of record:

Antel Clark (via Certified Mail RRR)

William Scott Helfand

Daniel Swift Edmunds, Jr

Eugene Xerxes Martin, IV

Jacob Michael Bach

Ans. Mtn Default
*Clark v. City of Pasadena et. al.* 4:23-cv-04050