**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**ANTEL CORDELL CLARK**

**V**

**City of Pasadena, TX ETH AL'S**

**CIVIL ACTION FILE NO.**

**4:23-cv- 4050**

United States Courts
Southern District of Texas
FILED

DEC 04 2025

Nathan Ochsner, Clerk of Court

Amended

**MOTION FOR DEFAULT JUDGEMENT**

**OPPOSITION TO MAGISTRATE JUDGE**

**MEMORANDUM OPINION AND ORDER**

**REINSTATE/RECONSIDER FEDERAL CLAIMS**

## INTRODUCTION

The District Court had subject matter jurisdiction over this matter pursuant to 28 U.S.C. & 1331, which grants the district courts "original jurisdiction of all civil actions arising under the... laws... of the United States. "Plaintiff's suit against the defendant's was based upon 42: U.S.C.A and 1983. United States law requires that those who deprive any persons rights and privileges protected by the Constitution provided by state law be liable in action at law, suit in equity, or other appropriate measure. 42 U.S C A. & 1983.**A private party may be liable under 42 U.S.C.A & 1983 for conspiring with state actors to deprive a citizen of their civil rights.**

**Keko v. Hingle, 318 F. 3d 639 C.A.5 (La) 2003; Dennis v. Sparks, 449 U.S. 24 (U.S; 1980.)**

For private actors to be sued under section 1983, they must be so closely intertwined with the government that their actions are treated as those of the State.

The private entities Arbors and Rent Recovery had a close nexus or symbiotic relationship in which it lead to the private party's actions being considered state action. The connection is so close that the state is responsible for the private conduct.

In other words, Plaintiff's core argument is that by acting on the Pasadena police's initial information, Arbors and Rent Recovery Solutions effectively conspired with a state actor to deprive his family of their rights without due process. Plaintiff argues that their actions, though seemingly private (a landlord –tenant dispute and debt collection), were a direct result of collaborating with law enforcement and are therefore attributable to the state.

The "joint action" extended to the debt collector who placed a debt on Plaintiff's credit report after the charges against his son were dismissed.

Rent Recovery actions were a direct consequence of Arbors unconstitutional eviction process.

The claim is that the private debt collector received and acted on information originating from the state-influenced eviction, thus becoming part of the original unlawful scheme.

By placing the debt on Plaintiff's credit report, Rent Recovery continued to cause harm initiated by the "joint action" effectively becoming another arm of the state –sponsored harm

The unlawful debt collection was based on flawed predicate. The very premise of the debt collection was a constitutional violation.

Since the charges against his son were dismissed, the contractual violation-and thus the debt was invalid from the start.

By continuing with the collection efforts, Rent Recovery helped to enforce a punishment (financial hardship and damaged credit) that was based on an unproven allegation.

This makes their action an instrumental part of the civil rights violation.

Also, Arbors is liable to Plaintiff under the Fair Housing Act FHA under the legal theory of disparate impact.

This claim asserts that ac seemingly neutral policy has a discriminatory effect on a protected class, even if that discrimination was intentional.

In other words, Arbors took an adverse housing action (eviction) based solely on his son's arrest, not a conviction.

Plaintiff argues that Arbors policy of evicting residents based on arrest has a disparate impact on a protected class, such as people of color.

Arbors action is a blanket exclusion based on a criminal accusation, not an individualized assessment.

Arbors must prove there is No substantial, legitimate, and nondiscriminatory interest: If a policy has a disparate impact, the housing provider must prove it is necessary to achieve a substantial, legitimate, and nondiscriminatory interest, such as resident safety or property protection.

Evicting a family based solely on an arrest, without a conviction or an individualized assessment, fails the test.

Plaintiff **Antel Cordell Clark** have pleaded and argued these issues in **"Open Court" and by the papers in the lower trial court, see Transcripts for 1/19/2024, March 6, 2024, May 1, 2024.**

Civil &26:4: An **Entry** and **Default Judgement,** effectively constitutes an admission that damages were proximately caused by the defaulting party's conduct: that is the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged.

Meyers v. Pfizer, Inc., 581 Fed. Appx.708 (10th Cir.2014); City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 79 Fed. R. Serv.3d 682 (2d Cir.2011.)

At inquest on damages following defendant's default, trial lower court should have accepted as true all of the factual allegations of the complaint, except those relating to damages, and Plaintiff was also entitled to all reasonable inferences from the offered: Fed Rules Civ. Proc. Rule 55(a)(b)(2) 28 U.S.C.A.

Where Appellee's/ defendant opposes Appellant's/Plaintiff's motion for default judgement the District Court should consider:

1 whether and to what extent, default was willful.

2 whether defendants have a meritorious defense and

3 whether vacating judgement would cause prejudice to Appellant/Plaintiff.

Fed. Rules Civ. Proc. Rule 55©.28 U.S.C.A.

Although a court accepts as true all well pleaded allegations against a defaulting defendant for purposes of determining liability, a default is not an admission of damages, which must be established in a separate evidentiary proceeding.

**The conflict:** The lower trial court decision by the Magistrate Judge to deny Plaintiff's request for "Entry of Default/Default judgement" and "hearing" for damages, against all Defendants on March 6, 2024, and May 1, 2024, and September, 30, 2024 Motion Hearings, see (transcripts), filed with the court. This was incorrect because the default judgement remedy serves as a protection .A workable system of **JUSTICE** requites that litigants not be free to appear at their pleasure.

4

In re Rains, 946 F.2d 731,732-33 (10 cir. 1991) quoting Cessna Fin. Corp v Bielenberg Masonry Contracting INC 715 F. 2d, 1442. 1444-45 (10 cir 1983).

Moreover, the decision by the lower trial court prejudiced Plaintiff. The Court considers the prejudice that will result from setting aside or denying the court clerk's "Entry of Default and Default Judgement".

Prejudice exists if the defaulting party's or the occurrence of other events during the default period now impair or altogether thwart Plaintiff's ability to litigate the case.

Super film of America Inc v. UCB Films INC 2004 WL 241 3497 at 2(D. Kan Sept.23, 2004) (citing INT'L Blvd of Elec workers, local Union NO 313 v. Skaggs, 130 F.R.D 526,529 (D. Del. 1990).

On 10/20/2023 Plaintiff filed his 42 USC & 1983 section 1 lawsuit complaint with the United States District Court Southern District of Texas (Houston) civil docket #4:23-cv-04050.

The nature of the suit: 440 Civil Rights: Other Jurisdiction Federal Question.

Plaintiff sued five Defendants:

These Defendant's names are: City of Pasadena Texas ("The City"), Pasadena Police Department, Texas, (in which the city governs), Arbors AT Town Square Apartments, located in Pasadena Texas ("Arbors"), Rent Recovery Solutions ("Rent Recovery") and Office of Attorney General (the State).

**Plaintiff conflict:** On October 20, 2023 Plaintiff filed his lawsuit complaint with the lower trial court. After leaving the court that day Plaintiff drove to the Post Office to, "in good faith" serve and satisfy notice, to Defendants (service process), by certified mail return receipt.

5

Three days later Plaintiff received an "Order" from the lower trial Court in the mail "ordering" for the United States Marshall's to serve all Defendant's, Appellant's lawsuit "Complaint", because Appellant's/Plaintiff's application to proceed In "Forma Pauperis" was granted on 10/19/2023.

However, on November 15, 2023 **Rent Recovery Solutions** answered the complaint executed by Plaintiff's service by "certified mail return receipt".

The answer was due on November 13, 2023, for the defendant Rent Recovery Solutions to "Answer" to the plaintiff's "certified notice of service process". And was **untimely.**

Plaintiff did not have access to CM/ECF, at the time and Rent Recovery failed to serve Plaintiff by certified mail return receipt their answer to his complaint.

Plaintiff was unaware Rent Recovery "Appeared" and "Answered" his certified complaint.

Meanwhile, On November 20, 2023, United State Marshall's "served" Rent Recovery the copy of the Court's service, and their answer was due on December 11, 2023.

**The Conflict:** "Rent Recovery" did not answer the U.S Marshall's court order, service processor, by the allotted time allowed.

Plaintiff was unsure about whether his certified mail was sufficient enough to constitute "notice" and "service process", or do Rent Recovery answer to Plaintiff's certified Complaint satisfy an "Appearance" and "Answer", in the lower trial court. Plaintiff proceeded to file for "Entry of Default/Default Judgement" against them.

6

On 12/19/2023 docket #20 Rent Recovery filed a Motion "Opposition to Plaintiff "Motion for Entry of Default/Default Judgement.

On 12/29/2023 docket # 24 Plaintiff needed clarity, regarding notice and service processor, so he filed a "letter" to the lower trial court as a "reply" to Rent Recovery "Opposition to Entry of Default/Default Judgement".

Plaintiff hope was for the lower trial court to acknowledge the Defendant's Defaults, in regards to the United States Marshall's service process executed against all Defendants.

**Arbors** appeared in the lower trial court on 12/13/2023 docket #13 and filed a "Motion to Dismiss, but was striking for failure to follow court procedures regarding said "Motions" on 12/18/2023 docket # 15.

In Federal Court in Texas, **"STRIKING"** a document means a Judge removes a party's pleading and or documents from the record.

On 12/20/2023 docket #21 Arbors filed a letter requesting for a "Pre-motion Conference", however on the same day 12/20/2023, Arbors filed an "Answer" to Plaintiff "complaint" before the lower trial court's set hearing on 1/19/2023.

**The Conflict: Disqualification Arbors demonstrated a "conflict of interest" and this court should disqualify the law firm and its attorney's.**

1. **Rule 11 of the federal rules of civil procedure applies sanctions are intended to deter baseless litigation and maintain the integrity of court proceedings.**

7

Certification requirements: When an attorney or party files a document with the court, they are certifying that the filing is not being presented for any improper purpose, such as harassment or delay. They must also certify that the legal and factual contentions are warranted by existing law or by a good faith argument for a change in the law.

2. To accomplish these goals, the rule imposes upon an attorney or litigate a duty to make a reasonable examination of the merits of and motives behind a claim before signing a paper and filing with the court.

3. Rule 11 imposes mandatory sanctions for failure to comply with this duty, and the rule encourages both courts and litigants to play an active role in deterring litigation abuses, which include monetary penalties and default judgement for the amount specified in Plaintiff's original and amended complaints.(2) See id; Golden Eagle Distrib Corp v. Burroughs Corp 801 F2d 1531, 1537 (9th Cir. 1986); Eastway Constr. Corp v City of New York, 762 F 2d 243,254 (2d cir 1985), modified on other grounds, 821 F.2d 121, cert. denied, 108 S CT. 269 (1987).(3) Rule 11 sanctions can be imposed upon the signing attorney, the party he represents, or both or on an unrepresented party who signs a pleading. Fed. R. Civ. P. 11; advisory committee's note, reprinted in 97 F.R.d. 165,200 (1983).

Plaintiff prays this court reinstate and reconsider his Federal Claims.

The court may consider the complaint supplemented by the undisputed facts evidenced in the record.

8

The courts review is limited to the complaint, any documents attached to the complaint, and matters subject to judicial notice under Federal Rules of Evidence 201. Allen v. Vertafore, Inc;28 F. 4th 613, 616 (5th Cir. 2022); George v. SI Group, 36 F.4th 611,619 (5th Cir.2022).

Plaintiff references to his "Original Complaint" (docket # 8) titled damages dated 11/29.

The evidence shows **"Arbors"** attorney firm **"Hoover Slovacek LLP dated November 4, 2020 engaging with Arbors in depriving Plaintiff in his Housing rights.**

Hoover Slovacek LLP law firm and Arbors engaged in many harassing and intimidating letters to Plaintiff's home.

Hoover Slovacek LLP law firm negotiated a **Settlement Agreement to resolve the eviction of Plaintiff from his home with two attorneys representing Plaintiff. See evidence filed with this court, (original complaint), letter head "Public Defenders Office Letter to Arbors disputed fees and Eviction.**

This court found in the Magistrate Judge "Memorandum, Opinion, and Order" dated (9/30/2024), "Arbors Breeched the Contract" by depriving Plaintiff of his security deposit, and in concert with Rent Recovery Solutions depriving Plaintiff by placing illegal fees on his credit report.

Nevertheless, on 12/20/2023, the "Answer" to Plaintiff's complaint by all Defendant's served by the U.S Marshall's was due (in exception) of Rent Recovery which was due December 11,

9

2023.This case contain many significant issues, and debates from the past, present and future argued in the courts throughout the United States.

**The conflict**: Plaintiff reference to: The transcripts dated 1/19/2024 #14
The lower trial court agree with Plaintiff. The lower trial court stated: p.5 #14.
**"The Court"**: Mr. Clark, under Federal Rule—I can't practice law but I can tell you what the parties—what the rules require. Under Federal Rule of Civil Procedure 12(b) (6) when the time for an answer is due, you can either file an answer or a request for a motion to dismiss in a 12 (b) (6).

**The conflict**: Plaintiff reference to: date 1/19/2024, "Motion Hearing" p 5 #20 the lower trial court states: In this case the Defendants have "appeared" and they are asking the court to dismiss the case under 12 (b) (1). so, until the Court rules on those motions there's no answer that due in the case."

**Plaintiff argues**: On 11/29/2023 docket #11 the lower trial court "docketed" "Return of Service of summons **EXECUTED** as to Pasadena Police Department served on 11/29/2023, answer due 12/20/2023, **filed.**

On 11/30/2023 docket # 10 the lower trial court docketed "Return of Service of Summons **EXECUTED** as to City of Pasadena served on 11/29/2023, answer due 12/20/2023, **filed.**

On 12/29/2023, The City of Pasadena, TX and the Pasadena police in which the City of Pasadena, TX, **governs, "appeared" after the entry of Default by the clerks of the lower trial court on 12/29/2023 docket #24.**

**Plaintiff** followed court procedures and **EXECUTED ON 12/29/2023 DOCKET #24 "MOTION FOR ENTRY OF DEFAULT AND FOR DEFAULT JUDGEMENT/HEARING AGAINST "CITY OF PASADENA, AND PASADENA POLICE DEPARTMENT THE CITY "GOVERNS."**

**The conflict**: Significant to this brief: Plaintiff reference to document 23 filed on 12/29/2023 title head **"LEWIS BRISBOIS. The City of Pasadena, TX** attorney assigned to this case filed a letter with the lower trial court: 1 subtitle "The Pasadena Police Department is not a jural entity. Plaintiff attempts to sue both the City of Pasadena and the Pasadena Police Department. As the Fifth Circuit held in Darby v. Pasadena Police Department, 939 F.2d 311,313 (5th Cir.1991), the City of Pasadena, TX, police

department is not a jural entity that can be sued. Any claims against the Pasadena police Department fail as a matter of law.

**Plaintiff argues:** In **the case with Darby.** Consider the case of **Mr. Darby**. He was a police officer for the Pasadena Texas police department, in which he allegedly cashed a bad check. Subsequently, Darby was fired from Pasadena police Department TX because of the alleged accusation.

Mr. Darby sues Pasadena Police department Texas as relief because he wants his job back at Pasadena Police Department.

Mr. Darby case were dismissed in the lower trial court, so he proceeded to file his case in Court of Appeals. Court of Appeals dismissed he's case because in the lower court Mr. Darby failed to add the City of Pasadena, TX, which they govern.

Mr. Darby failed to amend his complaint in order to correct any defects with his Complaint in the lower court so that he can "add" the City of Pasadena, TX to his complaint.

In contrast: Plaintiff **Antel Clark sued the City of Pasadena, TX, for depriving Plaintiff of his" federal Freedom of Information Act" and 552, direct and indirect discrimination, in relations to deprivation with negligence, "Federal Conspiracy of his rights" and other torts and impropriety. In addiction Plaintiff sued the Pasadena Police Department whom the City governs for their causing deprivation, discrimination of a protective class (Blacks) negligence and other offences.**

**Texas Tort Claims act sec 101.025 of the TTC, abolishes and waives Governmental Immunity to the extent of liability, in which gives Appellant "permission to Sue City of Pasadena, TX, eth al's. Acts 1985, 69th Leg Ch 959 sec1 eff. Sept 1, 1985 title 5 "Governmental liability, chapter 101 Tort Claim, chapter 104 State liability for conduct of public servants.**

**The TTCA waives governmental immunity so that Plaintiff's can sue governmental units for damages in certain instances of Negligence. Tex. Civ. Prac. & Rem Code Ann 101.0215.**

**A municipality is liable under section 101.0215 of the TTCA for damages arising from its government functions, which are those functions that are enjoined on a municipality in the interest of the general public, including but not limited to Police Protection.**
**Plaintiff Antel Cordell Clark asserts: City of Pasadena, TX "Defaulted" which they have admitted to civil liability, in favor of Plaintiff. Accordingly Plaintiff ask this court to remand this case back to lower trial court to honor Plaintiff's "Due Process" as a right to**

11

**him, for the purpose of a "hearing" on the "damages" caused against him by these Defendant's.**

According to the transcripts on 1/19/2024 Motion hearing, the lower trial court acknowledged that (Plaintiff's Motion for Entry/ Default Judgement), is well founded, and Plaintiff is following the rules of the court.

The City of Pasadena and Pasadena Police Department the City governs was properly served by United States Marshall's.

The U.S Marshall completed service to these Appellee's/ Defendant' on November 29, 2023, answer was due December 20, 2023.

Plaintiff filed a "Motion for Entry of Default/Default judgement on the lower trial court U.S Marshall service processor.

City of Pasadena, Pasadena Police Department Texas the City governs filed request for pre-motion conference on 12/29/2023. The hearing was set for 1/19/2024 docket #28.

Plaintiff is in conflict because the lower trial court dismissed Plaintiff's Default Judgements and allowed each of them to file "Motions to Dismiss" as they see fit.

The lower court granting Defendant's Motion to Dismiss and **denying Plaintiff Motion's for Entry of Default Judgement/Hearing on the Damages** is not proper because they failed to answer Plaintiff's Complaint within the allotted time or after the date of entry for default by the court clerks, and then they would appear with their answer and depository motions after violating Court procedures regarding said motions.

In reference to the transcripts from 1/19/ 2024 docket #28, (number 9, 10), the lower Court acknowledged that plaintiff followed lower trial court rules, and his filings of entry of Default

12

and Default hearing is well founded, but in his Court room he don't default people who try to answer the complaint.

Defaulting conduct is culpable if performed willfully or without excuse.

**Hunt, 1995 WL 523646, at *3**

A Defendant's knowledge of a lawsuit and their post service actions play a role in measuring the willfulness of a Defendant's default: Olivas v Brentwood Place Apartments, LLC, 2010 WL2952393 at 2010(D kan. July 26 2010 citing Jenkins 7 Gilchrist v Groia 7 CO.542 F 3d 114,123 5th cir.2008.

A Defendant that has actual or constructive notice of a lawsuit, yet completely fails to answer or otherwise communicate with the court, willfully disregards the court authority Id. The Conflict is at the hearing on 1/19/2023, referencing the transcript starting at #14.

The Court: "Mr. Clark, under Federal Rule—I can't practice law but I can tell you what the parties—what the rules require. Under Federal Rule of Civil Procedure 12 (b) (6) **when the time for an answer is due, you can either file an answer or request for a motion to dismiss in a 12(b), Rule 12 (b)."**

Plaintiff argues: Defendant's failed to "Appear" in court and Answer in any regards timely therefore Entry of Default by the Clerk and Default Judgement is warranted in Plaintiff's favor.

**On 11/29/2023 docket# 8 "Return of Service of Summons Executed as to Pasadena Police Department served on 11/29/2023, answer due 12/20/2023, filed. Entered 12/1/2023.**

**On 12/29/2023 docket #24 Motion for Entry of Default and for Default Judgement/Hearing against City of Pasadena, TX and Pasadena Police department Texas U.S.A.**

13

On 11/30/2023 docket #9 Return of Service of Summons Executed as to Arbors at Town Square Apartments served on 11/29/2023, answer due 12/20/2023, filed Entered 12/01/2023.

Significant to this case: Arbors at Town Square Apartment's representation Daniel Swift Edmunds, Jr from law Firm "Hoover Slovacek, participated in depriving Plaintiff of his rights in this case, therefore they are guilty of the impropriety of "Conflict of Interest" for failing to hire outside counsel. Nevertheless, Plaintiff prays for the lower trial court to Execute Entry of Default/ Default Judgement.

On 11/30/2023 docket #10 "Return of Service of Summons Executed as to City of Pasadena served on 11/29/2023, answer due 12/20/2023, filed Entered 12/1/2023.

On 12/29/2023 docket #24 "Motion for Entry of Default and for Default Hearing against City of Pasadena, and Pasadena Police Department the city governs.

On 11/30/2023 docket #12 "Return of Service of Summons Executed as to Rent Recovery Solutions served on 11/20/2023, answer due 12/11/2023, filed Entered 12/12/2023.

On 12/12/2023 docket #13 "Motion for Entry of Default/Default Judgement/Hearing against Rent Recovery Solutions.

14

## A. MEMORANDUM OPINION AND ORDER

## SUMMARY OF THE ARGUMENT

Civil Rights are, at the most fundamental level, guarantees by the government that it will treat people equally, particularly people belonging to groups that have historically been denied the same rights and opportunities as others. Not only does the proclamation that all men are created equal appears in the Declaration of Independence, the equal protection clause of the Fourteenth Amendments to the United States Constitution, and the Texas Constitution Article 1 section (3a) requires that the federal and state government treat people equally. According to chief Justice Earl Warren in the Supreme case of Boiling v. Sharp (1954), discrimination may be so unjustifiable as to be violative of due process [3] Bolling v. sharpe, 347 U.S. 497 (1954).

Treating some people differently from others for no valid reason and might as well be unconstitutional.

According to the Supreme Court's interpretation of the Equal protection clause, "all persons similarly circumstanced shall be treated alike [4] phyler v. Doe, 457 U.S. 202 (1982); F.S Royster Guano v. Virginia, 253 U.S.412 (1920).

1. On page 3 on the "Memorandum Opinion and Order" "Legal Standard" (footnote 1), **the lower court asserts:** "While Clark makes passing references to Deprivation of Rights Under Color of Law, 18 U.S.C. & 242, and the Freedom of Information

/5

Act 5 U.S.C. &552 in his complaint, these statutes cannot be the bases of a claim against any of the defendants in this action" (DK.1 at p.13); (Dkt.54 at p.1).

**Plaintiff argues:**" Depriving persons of Rights or Privileges implies; If two or more persons in any State or Territory conspire to go in disguise on the highway or in the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force intimidation or threat any citizen or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the **recovery** of **damages** occasioned by such injury or deprivation, against any one or more of the conspirators. Under Federal Question Jurisdiction a litigant regardless of the claim may bring a claim in Federal Court if it arises under Federal Law including the U.S Constitution see 28 U.S.C 1331.Federal Question, and Subject matter Jurisdiction is frequently derived from Federal Statutes granting a cause of action to parties who have suffered a particular injury, in this case **Infliction of Emotional distress** upon Plaintiff.

16

"The Freedom of Information Act", U.S.C & 552 is the United States Federal Information law that requires the full or partial disclosure of previously unreleased or uncirculated information and documents controlled by the U.S government upon request.

Since 1967, the Freedom of Information Act has provided the public the right to request access to records from any Federal Agency.

Significant to this Brief: Defendant Rent Recovery Solutions on 2/2/2024 docket #32 "Memorandum of Law in Support of Its Motion to Dismiss re: 31 Motion to Dismiss for Failure to State a Claim" p.1 Introduction footnote 1.

Rent Recovery Solution asserted and acknowledged: **"PLAINTIFF'S ALLEGATIONS ARE TREATED AS TRUE FOR THE PURPOSE OF THIS MOTION ONLY.**

Furthermore, Plaintiff references: Defendant's "Arbors at Town Square Apartments" on 12/20/2023 (docket #22), Appellee's/Defendant **"untimely" and stricken** "Answer" to Plaintiff "complaint", in which they acknowledged that the "Pasadena Police Department," informed them that Plaintiff's son and other black youths committed the alleged crime of "armed robbery on 10/23/2020 located at Arbors AT Town Square Apartments Pasadena Texas U.S.A  which constitutes **defamation of character, slander, defamation by spoken word, spoken allegation, violation of confidentiality with negligence.**

**"In Texas keeping juvenile records as private as possible has become a priority. Juvenile records are generally confidential (sealing Texas code 58.003), restricted**

17.

**access 58.201-58.211. Sealing of records is a process that allows you to have your records sealed so that no one can access them unless they go through the juvenile court."**

Based on legal precedent police disclosure to a landlord leading to eviction could be viewed as unreasonable seizure under the Fourth Amendment, Plaintiff central argument is that the police intervention was a meaningful interference" with a resident's possessory interest in their home.

The Police action was the moving force behind the eviction. The Pasadena police did not merely investigate, but actively interfered with his housing by disclosing information to his landlord, in which this "moving force" led to his eviction, triggering a civil rights claim under 42 U.S.C &1983.

Plaintiff was deprived of "Seizure" of his home under the fourth Amendment which occurs when there is "some meaningful interference with the Plaintiff possessory interest in the property.

Plaintiff's home special status: is afforded the highest level of Fourth Amendment protection. Plaintiff eviction, caused by police misconduct, constitutes a seizure of his home, as it deprived him of his right to reside there.

While the landlord is a private entity, Arbors actions when directly caused by the police constitute "state action." Plaintiff's evidence referenced in his Original Complaint Docket #8.

**The custom of Deliberate indifference in training "to the consequences of failing to properly train its officers, and was the "moving force" regarding disclosure of**

18.

information and execution, and failure to investigate, and discipline officers for repeated constitutional violations lead to Monell liability that caused the constitutional violations of his Fourteenth Amendment (due Process) and fourth Amendment (unreasonable search and seizure) against Plaintiff.

Plaintiff argues that his Fourteenth Amendment (due Process), concerns the deprivation of his property interest in his apartment (his lease and security deposit and his reputation, without due process of law. The eviction, precipitated by the police's actions and the inaccurate credit reporting by the debt collection agency amounted to a violation of his procedural due process rights.

Plaintiff Fourth Amendment (unreasonable search and seizure) claim concerns is that the police disclosure of his son's arrest to the landlord (Arbors), leading to his eviction, constituted a form of unreasonable seizure of his home and property.

The Pasadena Police Department located in the State of Texas "The City of Pasadena Texas governs governs deprived Plaintiff by violating the racial profiling policy (c4 91 Racial/Bias Based Profiling Policy (TBP: 2.01).

It is the policy of this department to police in a proactive manner and to investigate suspected violations of the law. Members shall actively enforce federal, state, and local laws in a responsible and professional manner, without regard to race, ethnic background, gender, sexual orientation, religion, economic status, age, cultural group, or any other identifiable group. Members are strictly prohibited from engaging in racial biased profiling as defined in this policy.

This policy shall be applicable to all persons, whether drivers, passenger, or pedestrians. The department will adhere with the requirements of the Texas code of

19

**criminal procedure that prohibits Texas peace officers from engaging in racial profiling. Enforcement of the law will be done without regard to race, ethnicity, or national origin.**

**Members shall conduct themselves in a dignified and respectful manner at all times, when dealing with the public. Two of the fundamental rights guaranteed by both the United States and Texas Constitutions are equal protections under the law and freedom from unreasonable searches and seizures by government agents, The right of all persons to be treated equally and be free from unreasonable searches and seizures must be respected. Racial/ethnicity profiling is an unacceptable patrol tactic and will not be condoned.**

Nevertheless, Plaintiff were **deprived** of his **FOURTH AMENDMENT rights:** the notion that "each man's home is his castle, secure from unreasonable searches and seizures of property by the government.

Plaintiff was deprived of his Amendment IV rights "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Thereby, in relations to these torts Pasadena Police Department Texas in which the City of Pasadena Texas governs, directly and indirectly discriminated against black youths and their families causing adverse actions from these Defendant's against Plaintiff.

20

**A private actor conspired (joint action), with a government official to deprive Plaintiff of his rights, the private actor and state official had a meeting of the minds "to commit a wrong.**

**Plaintiff claims against Arbors and Rent Recovery are based on this principal. Plaintiff argument is that the private entities acted jointly with the Pasadena Police Department to deprive him of his housing and financial well-being based on his son's arrest.**

Plaintiff pleaded in the lower trial court Direct and Indirect Discrimination, Federal Civil Right Statutes Title 18 U.S.C Section 241 **"CONSPIRACY AGAINST RIGHTS, HOUSING DISCRIMINATION AGAINST a PROTECTIVE CLASS (BLACKS) TITLE 42, U.S.C SECTION 3631 "CRIMINAL INTERFERENCE WITH RIGHT TO FAIR HOUSING.**

Civil Right is an enforceable right or privilege, which if interfered with by another gives rise to an action for injury.

Privileges & Immunities Clause of Article IV, Section 2 of U.S Constitution states "the citizens of each state shall be entitled to all privileges & immunities of citizens in the several states. "This clause protects "fundamental rights" of individual citizens & restrains state efforts to discriminate.

Under the act, it is unlawful to **discriminate**, harass or victimize someone because they have or are perceived to have a protected characteristic or are associated with someone who has a protected characteristic.

21

Federal question jurisdiction refers to cases under the U.S. Constitution, federal laws, or treaties. It means that the case involves a question of federal law, and the federal court has the authority to hear and decide on a matter.

In this case Plaintiff civil rights and constitutional rights were violated under section 1983.

**Plaintiff argues:** Plaintiff case was based on Federal law. Direct and indirect discrimination of a protective class (Blacks), Plaintiff was denied all U.S. Civil Rights Under Color of Laws, denied U.S Constitutional Rights, denied Texas Constitutional Rights as Texas Residence, The Jurisdictional Statue for Civil Rights cases (see 28 U.S.C. & 1443), Slavery Peonage Abolished (see 42 U.S.C. & 1994), Civil Rights act 1964, 14 Amendment to the U.S. Constitution, Privileges & Immunities Clause of Article IV, Section 2 of U.S Constitution.

2.On page 4, (same paragraph), the **"the lower trial court asserts:"** "Because Eleventh Amendment Sovereign Immunity deprives a federal court of jurisdiction to hear a suit against a state, a defendant's motion asserting Eleventh Amendment Sovereign Immunity is properly brought under rule 12(b)(1). "Hopkins v. Wayside Sch, No. 23- 50600, 2024 U.S. App. Lexis 20101, at 7 (5th Cir. Aug. 9, 2024).

**Plaintiff argues: PLEASE NOTE: THIS CASE LAW "HOPKINS V. WAYSIDE IS "DISGUISED" in lieu of "CLARK V. CITY OF PASADENA" in regards to Eleventh Amendment.**

**The Civil Rights Act of 1964 and the Americans with Disability Act are examples of acts where Congress has explicitly waived state sovereign immunity for purposes of suit in federal court. Second, a state may voluntarily waive immunity by consenting to suit.**

22

**See Meyers v. Texas, 410 F. 236 (5th cir.2005).**

Voluntary consent may be explicit in state's statute or a state's constitution, or inferred by action if (1) a state voluntarily invokes federal court jurisdiction;(2) a state makes a clear declaration that it intends to submit itself to federal court jurisdiction.

A waiver of the Eleventh Amendment immunity by state officials must be permitted by the state constitution, or state statues and applicable court decisions must explicitly authorize such a waiver by the state officials since they cannot waive immunity unless authorized to do so See Lapides v. Bd of Regents,251 F.3d 1372 (11th Cir.2001).

The Eleventh Amendment states: The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of another State, or by citizens or subjects of any foreign State. The 11 Amendment defense is mute in this case.

Plaintiff and Defendant's is from the same State "Texas" and same country U.S.A.

Concerning "Sovereign Immunity" the amendment's text does not mention suits brought against a state by its own citizens. However, in Hans v Louisiana 134 U.S.378 (https:// supreme.justia.com/cases/federal/us/134/1/) (1890), the Supreme Court ruled that the amendment reflects a broader principle of Sovereign Immunity. As Justice Anthony Kennedy later stated in Alden v. Maine, 527 U.S. 706 (https://supreme.justia.com/cases/federal/us/527/706/ (1999):

Sovereign Immunity derives not from the Eleventh Amendment but from the structure of the original Constitution itself... Nor can we conclude that the specific Article 1 powers delegated to Congress necessarily include, by virtue of the Necessary and Proper

23

Clause or otherwise, the incidental authority to subject the States to private suits as a means of achieving objectives otherwise within the scope of enumerated powers.

However, Justice David Souter, writing for four-Justice dissent in Alden, said the states surrendered their sovereign immunity when they ratified the Constitution. He read the amendment's text as reflecting a narrow form of sovereign immunity that limited only the diversity jurisdiction of the federal courts. He concluded that neither the Eleventh Amendment in particular nor the Constitution in general insulates the states from suits by individuals.

Dissenting opinion in Alden v. Maine" (https://www.law.cornell.edu/supct/html/98-436.ZD.html).Legal Information Institute. Retrieved June23, 2020.

 Personal Jurisdiction" or in personam jurisdiction refers to a court's power over a person or entity who is a party to, or involved in, a case or controversy before the court, including its power to render judgements affecting that person's rights. Black's Law Dictionary (10th ed. 2014.)

Plaintiff's federal civil rights and Constitutional rights were violated by these Defendants, which gives the Federal court Jurisdiction

Article VI of the U.S Constitution contains the Supremacy Clause, which reads, This Constitution and the laws of the United States which shall be made in pursuance thereof; and all treaties made or which shall be made, under the authority of the United States, shall be the Supreme law of the land; and the judges in every State shall bound thereby anything in the Constitution or laws of any State to the contrary notwithstanding "This effectively means that when the laws of the Federal Government

24

are in conflict with the laws of a State government, the Federal law will supersede the State law.

Fifth Amendment: No person shall be deprived of life, liberty, or property, without due process of law.

2. **The lower court asserts**: on page 4. "Similarly, "standing and ripeness are essential components of federal subject-matter jurisdiction" and are challenged under Rule 12(b) (1).

**Plaintiff argues: Standing to Sue** is comprised of three elements that must be present for a lawsuit to be valid. In terms of standing, a party must prove the following three elements.

A. **Injury in Fact**: Injury in fact means that a person has suffered an actual injury. Plaintiff Docket#8, proves injuries to Plaintiff and he is currently/presently under doctor's care concerning said injuries of intentional infliction of emotional abuse, caused by these Defendants.

B. **Causation**: Causation means that the injury to the plaintiff was caused by the party that is being sued. Plaintiff proved that "but for" the defendant's action or inaction, they would not have been injured. Plaintiff proved by his evidence filed with the court, a connection between the Defendant's conduct and his emotional distress inflicted by said defendant's, therefore proving "Standing" to sue.

25.

C. **Redressability:** Finally, redressability in standing to sue means that the court will actually be capable of doing something to correct or administer monetary relief for the plaintiff's injuries. This means entering **"ENTRY OF DEFAULT BY THE CLERK** and **DEFAULT JUDGEMENT/HEARING** on **DAMAGES** upon all Defendant's whom failed to timely "Answer" within the allotted time and or failed to follow court proceedings, requiring the court to penalize them by **"STRIKEN' THEIR DOCUMENTS.**

## B.  MEMORANDUM AND OPINION AND ORDER

4. **The lower Court asserts:** The party asserting that federal subject matter jurisdiction exist bears the burden of proven it by a preponderance of the evidence.

**Plaintiff argues:** Plaintiff presented and filed a preponderance of **EVIDENCE** on October 20, 2023, (docket #1) referencing: Plaintiff Original "Complaint" (The Complaint),

Furthermore, he presented and filed a preponderance of evidence on 5/10/2024 docket #54 in which shows how The City of Pasadena City Attorney ("naming") Mr. Jay Dale and Office of Attorney General (naming) General Ken Paxton conspiring, discriminating, negligence and depriving Plaintiff of his rights to public information as the father and having physical custody of his 15 year old son, regarding information about his son criminal case.

26.

The court may consider the complaint supplemented by the undisputed facts evidenced in the record.

5. **The lower trial court asserts:** A complaint can be dismissed under Rule 12(b) 6 if its well-pleaded factual allegations-when taken as true and viewed in the light most favorable to the plaintiff do not state a claim that is plausible on its face.

**Plaintiff argues:** The courts review is limited to the complaint, any documents attached to the complaint, and matters subject to judicial notice under Federal Rule of Evidence 201. Allen v. Vertafore, Inc.,28 F. 4th 613,616 (5th Cir.2022); George v. SI Group, SI Group Inc; 36 F.4th 611,619 (5th Cir. 2022).

Courts construe (interpret meaning) filed by pro-se litigants under a less stringent (strict, precise, exacting) standard, of review. Haines v. Kerner, 404 U.S. 519,520 (1972) (per curiam). Under this standard, a document filed pro se is 'to be liberally (freely) construed, and a pro se complaint, however pleaded must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89,94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 107 (1976).

**42 U.S.C & 1983 Plaintiff asserts:** Section 1983 provides a remedy for violations of Federal Statutory and Constitutional rights: Baker v MC Collan r 443 U>S 137,144 (1979). **Plaintiff references to a document filed by Plaintiff titled "Federal Jurisdiction under the Civil Rights Act- The Case against the Personal- Property Rights Distinction" filed with Appellant/Plaintiff "Brief's In Opposition" on 2/23/2024 docket# 36, 37, 38.**

27,

Section 1983 imposes **civil liability,** only upon one who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the **deprivation of any rights, privileges, or immunities secured by the constitution and laws:**

The first inquiry in chapter 1983 suit, therefore is whether the Plaintiff has been deprived of rights secured by the constitution and laws.

**The lower court asserts:** To establish & 1983 liability, Clark must prove that he suffered "(1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor.

**Plaintiff assert's:** Plaintiff references to **'Evidence"** filed with the court on 5/1/2024 docket #54. This is Plaintiff second **(additional suit),** "Amended Complaint" filed against Office of Attorney General for the cause of action of violations of his American with Disability rights (ADA).

Furthermore, Plaintiff suffered a "(1) **deprivation of a right secured by federal law:"** **"The Freedom of Information Act,5 U.S.C. & 552 is the United States Federal freedom of Information law that requires the full or partial disclosure of previously unreleased or uncirculated information and documents controlled by the U.S government upon request."**

**Since 1967, the Freedom of Information Act has provided the public the right to request access to records from any Federal Agency.**

The said deprivation of Plaintiff's Rights **#2 "occurred under the" "Color of State Law"**

28

Duties and responsibilities of the **"Office of Attorney General is to defend the laws and the Constitution of the State of Texas.**

Plaintiff references: to the additional lawsuit filed by Plaintiff on 5/10/2024 docket #54 **"Amended Complaint".**

**Moreover,** Plaintiff's **"deprivation of his rights"** was **caused #3 by a state actor.**

Plaintiff references to **"the Evidence" on 5/10/2024 docket #54 filed** with the lower trial court, and with Court of Appeal 5th circuit.

Plaintiff references to Plaintiff "Brief in Opposition to Appellee's/Defendant's **Office of Attorney General** "Motion to Dismiss" Plaintiff additional lawsuit filed on 5/10/2024 docket #54.

Office of Attorney General, (Attorney General naming Ken Paxton),

**State actor(naming) Ken Paxton and City of Pasadena Texas (naming Mr. Jay Dale), conspired, worked in (unison with:) deprived, in regards to the cause of Action of "discrimination" in relations with "negligence", Plaintiff Antel Cordell Clark's "Federal Freedom of Information Act (and in relations 552), FEDERAL CIVIL RIGHTS TITLE 18 U.S.C. SECTION 241 "FEDERAL"CONSPIRACY AGAINST RIGHTS"WITH THE INTENT TO "COVER UP" CIVIL LIABILITY AND CRIMINIAL IMPROPRIETIES and consequences thereof, AGAINST A PROTECTIVE CLASS "(BLACKS").**

General Ken Paxton and City of Pasadena attorney Mr. Jay Dale worked in conspired and worked in unison to impede Plaintiff of videos and documents requested by him violating his 14 Amendment constitutional and civil rights, for years before any action taken by Plaintiff in the courts.

29

Furthermore, General Ken Paxton and City of Pasadena attorney Jay Dale intentionally disregarded protocol and or procedures as to disregarding and or discarding, the Governing Bodies, with **fraud and violations of** Plaintiff **civil rights.**

A civil right is an enforceable right or privilege, which if interfered with by another gives rise to an action for injury.

Discrimination occurs when the civil rights of an individual are denied or interfered with because of the individual's membership in a particular group or class.

The Reconstruction Era was the monumental period in U.S. civil rights following the civil war in which the federal government attempted to pass laws aimed at helping victims of slavery, primarily African-Americans.

The Fourteenth Amendments to the United States Constitution constituted the largest expansion of civil rights in the history of the United States Constitution.

The Fourteenth, Amendment made it illegal for a state to pass laws "which shall abridge the **privileges or immunities of the citizens of the United States... [or] deprive any person of life, liberty, or property without due process of law, [or] deny to any person within its jurisdiction the "EQUAL PROTECTION OF THE LAWS".**

During the Reconstruction Era, Congress enacted numerous civil rights statutes. Many of these are still in force today and protect individuals from discrimination and from the deprivation of their civil rights. Section 1981 of Title 42(Equal Rights under the Law), protects individuals from discrimination based on race in **participating in lawsuits, and giving evidence. See 42 U.S.C. & 1981.**

30.

Other statues, derived from acts of the reconstruction era, that protect against discrimination include: Civil Action for Deprivation of Rights (See 42 U.S.C & 1983); Conspiracies to interfere With Civil Rights (See 42 U.S.C & 1985); Conspiracy Against Rights of Citizens (see 18 U.S.C.& 241); Deprivation of Rights Under Color of Law, See 18 U.S.C.& 242); The Jurisdictional Statue for Civil Rights Cases (See 28 U.S.C.&1443); and Peonage Abolished (See 42 U.S.C. & 1994).

The most prominent civil rights legislation since Reconstruction is the CIVIL RIGHTS *ACT OF 1964*.Congress using its power to regulate "Discrimination based "race.

42 U.S. CODE & 1983 "CIVIL ACTION FOR DEPRIVATION OF RIGHTS": Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

(R.S & 1979; Pub. L. 96-170, 1, Dec. 29,1979,93 Stat.1284; Pub. L. 104-317, title111, & 309©, Oct.19, 1996,110 Stat. 3853.)

General Ken Paxton from the Office of Attorney General (the State),and Mr. Jay Dale attorney for the "City of Pasadena Texas U.S.A "**Obstructed Justice**" by intimidating a Party (Plaintiff),by conspiring to deter for the purpose of impeding, hindering, obstructing, or defeating, in any matter, the due course of **Justice** in any State or Territory, with **intent to deny to any citizen the equal protection of the laws, or**

31,

**attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;**

Plaintiff references to his document/and evidence filed with the lower trial court on 6/6/2024 docket #56. "Plaintiff Brief in Opposition" to Defendant Attorney General's Motion to Dismiss Petitioner's Amended Complaint Filed Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6).

Referring to the Evidence filed by Plaintiff "The document is titled RE: 'Open Record request of Antel Clark for the Incident Report from Pasadena Police department Tx-SL2099, dated December 1,2020.

This document implemented into evidence is drafted by (naming), "City of Pasadena attorney Mr. Jay Dale.

It appears "Mr. Jay Dale failed to follow The State of Texas U.S.A. procedures in regards to the "Open Records Request of Plaintiff Antel Clark (requester).

Title 1 "The Texas Administrative Code

Part 3 "Office of Attorney General

Chapter 63 Public Information

Subchapter C "Electronic Submission of Request for Attorney General

Open Records Decision

Electronic Submission of Request for Attorney General Decision

32

(D). (a) "A governmental body that request a decision from the Attorney General under Texas government code 552.301 about whether requested public information is excepted from public disclosure may submit that request for decision to the Attorney General through the Attorney General's designated electronic filing system.

**Plaintiff argues:** City of Pasadena, Tx," City Attorney Mr. Jay Dale, General Ken Paxton," Office of Attorney General" abandoned their responsibilities to follow procedures and send the said "documents/ letter for RE: "Open Record Request to the "**GOVERNMENTAL BODIES,** for review, in turn the **GOVERNING BODIES** would "request" for a "**determination**" from General Mr. Ken Paxton for review, in turn General Mr. Ken Paxton would send his **decision** back to governing bodies, in which the governing bodies would send the answer of General Paxton to the requestors.

It appears according to the evidence filed by Plaintiff "that the "City of Pasadena Mr. Jay Dale sent his request for disclosure, directly to General Ken Paxton, clearly **discriminating Directly and indirectly, against a particular protected class and party, in this case/Plaintiff Antel Cordell Clark** with **bias, in relations** to **negligence, Federal Freedom of Information Act, in relations to State claim 552, equal protection of the laws, 42 U.S Code & 1985- "CONSPIRACY TO INTERFERE CIVIL RIGHTS.**

Accordingly, **42 U.S Code & 1983 "Civil Action for Deprivation of Rights, Civil Rights of 1964, Depriving persons of "Rights or Privileges, Obstructing Justice in means of intimidation by conspiring with these defendant's with the intent to "COVER UP" THE FALSE ARREST AND WRONGFUL IMPRISONMENT OF Plaintiff son, thereby causing adverse action's by these defendant causing homelessness to Plaintiff causing "INFLICTION OF EMOTIONAL DISTRESS" upon him.**

33

**The Trial lower court asserts: "**Clark must also show that the constitutional or statutory deprivation he suffered was intentional or due to deliberate indifference and not the result of mere negligence. Id.

**Plaintiff argues:** Plaintiff references to 5/10/2024 docket #54. This is Plaintiff additional lawsuit against the OAG.

The evidence: filed with the lower court by Plaintiff: the letter head of "General Ken Paxton" dated January 23, 2024. General Ken Paxton and his office sent Plaintiff a letter January 23, 2024.

Plaintiff asked for "Reconsideration" of his decision to decline public information to him on Apirl 19, 2023.

Ken Paxton again deliberately deprived Plaintiff of his Federal Rights specified in this brief.

**The lower court asserts: on page 12, Clark asserts claims against Arbors and Rent Recovery** Solutions.

**Arbors AT Town Square Apartments** and **Rent Recovery Solutions**

Defendant Arbors AT Town Square Apartments deprived Plaintiff of the Texas Fair Housing Act: and Equal Housing Opportunities.

The Texas Fair Housing Act, is designed to outlaw discrimination in housing, which directly impacts tenants.

34

The **Texas** and **Federal Fair Housing Acts protect individual fair housing right from being denied housing, discriminatory lending practices, unequal terms and conditions for individuals based on their protected characteristics.**

**A Rental Discrimination example is "evicting or harassing a tenant or tenant's guest.**

**The Civil Rights Act of 1968 is also known as the Fair Housing Act. This Act protects against numerous sorts of housing discrimination, including rentals, sales, real estate transactions, and brokerage services. The Act "prohibits discrimination in the sale rental and financing of dwellings based on race, color, religion, sex or national origin. Congress also created housing discrimination protections for individuals with disabilities through the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990. These Acts, in essence, expanded upon the scope of the Civil Rights of 1968.**

**The ADA "The Americans with Disabilities ACT is a civil rights law that prohibits discrimination against individuals with disabilities. It was signed into law on July 26, by President George H. W. Bush.**

On the other hand, Defendant deprived Appellant by violating the **Fair debt Collection Practices Act 15 U.S.C. 1692g sec.809 (FDCPA).**

**809. Validation of Debts (b Disputed Debts: If the consumer notifies the debt collector in writing within the thirty day period described in subsection (a) of this section that the debt or any portion thereof, is disputed, or that the consumer request the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgement, or the name and address of the original creditor,**

35.

and a copy of such verification or judgement, or name and address of the original creditor and a copy of such verification or judgement, or name and address or the original creditor, is mailed to the consumer by the debt collector.

Plaintiff Due Process was deprived and violated by Arbors AT Town Square Apartments and Rent Recovery Solutions.

36.

## X. Conclusion AND Prayer for Relief

The preponderance of "evidence" filed by Plaintiff Antel Cordell Clark in the lower trial court demonstrated the Defendants was a participate of the "Conspiracy", and "Cover Up" in this case to deprive and violate Plaintiff Federal Civil Rights Statutes Title 18 U.S.C. Section 241"Conspiracy Against Rights", Civil and Constitutional Rights of Section 42:1983 Civil Rights Act. These Defendants discriminated directly and indirectly against a protective class Blacks, causing wrongful "Evictions" and Homelessness because if "You" your occupant or Guest is arrested by the Pasadena Police Department Texas you will be evicted within 24 hrs. located at Arbor At Town Square Apartments Texas, deprives an citizen and resident of his "Federal" and "Texas Fair Housing Rights" and then to place illegal debt and fees on your credit report further "deprives" citizens of enjoyment of Life and liberty for all. Pasadena Police Department deprived Antel of his Fourth Amendments and Fifth Amendment Right's that originally enforced the notion that "each man's home is his castle", secure from unreasonable searches and seizures of property by the government.

General Ken Paxton and City of Pasadena, TX Pasadena City Attorney "Mr. Jay Dale directly and indirectly discriminated against a protective class Blacks, blended with negligence conspired and acting in unison with to intentionally deprive Antel of his "Federal Freedom of Information Act blended with section 552.

All defendants failed to timely "Appear" in the lower trial court to either file an "Answer" or "Depository Motion", before the Execution of Entry of Default/Default Judgement by the Court Clerks. All Defendant's intentionally set a pattern in bad faith to "Appear" after the "Entry date" to "Delay" thwart and muddy Antel's case.

Plaintiff Prays that this court "reverse" The District trial court" Final Order" which states: "All Pending Orders is Denied as Moot" and "Remand" the case back to the lower trial court for relief of Entry of Default /Default Judgement for a sum of Four. Three Million Dollars against all Defendants ($4.3 million dollars), against City of Pasadena, TX, (separate from the "City)" Pasadena Police Department, Arbors at Town Square Apartments, Rent Recovery Solutions, and Office OF Attorney General. A Judgement in Plaintiff favor for the second lawsuit filed against OAG on 5/10/2023 docket #54 on direct and indirect discrimination, in relations to negligence and ADA claims, for Five hundred thousand dollars, ($500.000).

"Cease and Desist" and "vacant" Clark v City of Pasadena, TX out of case law (disguised), as another case law in the lower trial Court's "Memorandum Opinion and Order" arguing 11 Amendment Sovereign Immunity.

Respectfully Submitted;

Antel Cordell Clark

December 4, 2025

37.

## XI. Certificate OF Service

I Hereby Certify that a copy of the foregoing has been served upon counsel for all parties to this proceeding as identified below as identified below through the court's electronic filing system as follows:

William Scott Helfand
Lewis Brisbois Bisgaard Smith LLP
24 Greenway Plaza
Suite 1400
713-659-6767
Fax 713-759-6830
Attorney for City of Pasadena, TX
And Pasadena Police Department

Daniel Swift Edmunds, Jr,
Hoover Slovacek
5051 Westheimer
Ste 1200
Houston, TX 77056
713-977-8686
Email: edmunds@hooverslovacek.com

Attorney for Arbors at Town Square Apartments

Eugene Xerxes Martin, IV
Martin Golden Lyons Watts Morgan PLLC
8750 N. Central Expressway
NorthPark Central, Suit 1850

Dallas, Texas 75231 214-346-2630
Attorney Rent recovery Solutions

Sherlyn Harper
Office of Attorney General
808 Travis
**Ste 1520**
Houston Texas 77002 713-225-8913
**713-225-8913**

38

**Attorney for Attorney General of Texas**

Jacob Michael Bach
Martin Golden Lyons Watts Morgan PLLC
8750 North Central Expressway
North Park Central
Suite 1850
Dallas, TX 75231
214-346-2630
Fax: 214-346-2631
Email: jbach@mgl.law